**SIGNED.**

Dated: November 14, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| AMY BREI, | ) No. 4:07-bk-01354-JMM |
| Debtor. | ) **MEMORANDUM DECISION** |

The Debtor filed a chapter 13 petition on July 23, 2007. In her schedules, the Debtor listed that she owned a 2005 Dodge Dakota automobile (the "Vehicle"), which she estimated to be worth $18,500. The Debtor noted that Compass Bank claimed a lien against the Vehicle, and declared that the debt was incurred on February 14, 2006.

The Debtor's chapter 13 plan is a 60-month plan, under which Ms. Brie will pay $650 per month (Dkt. #7). For the Vehicle, the Debtor proposes to pay the Compass Bank (the "Bank"), as a secured creditor, the sum of $18,500 over the plan's life, with 6%[1] interest thereon. Since the Bank filed a claim for $23,134.54 (Claims Register, Claim #12), the Debtor's plan is a "cramdown" plan, proposing to pay the secured creditor only the market value of the Vehicle, and treating any remaining debt, above that sum, as unsecured.

The Bank reacted by filing both a stay relief motion (Dkt. #23), and an objection to confirmation (Dkt. #30). The Bank noted that it had repossessed the Vehicle prior to filing. The Debtor responded by seeking a turnover of the Vehicle. The court set the matter for an evidentiary hearing on October 2, 2007.

---

[1] The contract rate is 10%.

The Bank's objection to the Debtor's plan is that, because the Debtor purchased the Vehicle with a purchase money instalment instrument within 910 days of filing the bankruptcy case, that "cramdown" is impermissible and that the plan cannot be confirmed against the Bank until that provision is eliminated. 11 U.S.C. § 1325(a). Other objections were noted, but the "cramdown" issue must be resolved first.

The Debtor maintains that the 910-day rule does not apply, and relies on an argument concerning the trade-in value of a previous automobile, to create something she refers to as "negative equity." However, the record presented does not clearly reflect any facts to support the argument. The purchase contract attached to the Bank's motion for stay relief (although somewhat illegible) does note that it is a purchase money instrument.

The Debtor provided no affidavit to support her contentions to the contrary, nor did she provide any factual basis nor legal analysis to explain why § 1325(a)'s 910-day rule did not apply to her. The Debtor provided the court with no information with which the court can analyze the details of the Vehicle purchase, whether there was a trade-in, and/or what the amount of the trade-in might have been.

The Bank's response adds more facts to the analysis, to wit, that the purchase price of the 2005 Dodge Dakota was $26,374.58. Of that amount, the sum of $3,434.02 was lent to the Debtor for the purpose of paying off an existing lien on the trade-in car. The full amount, then, which the Debtor agreed to pay to purchase the Vehicle was $26,374.58.

The court agrees with the Bank that the entire amount which was lent was for the purpose of acquiring a vehicle, regardless of whether some portion thereof was used to pay off a previous lien on the trade-in. As such, the entire obligation was a purchase money transaction.

As a purchase money transaction for a vehicle acquired within 910 days of the bankruptcy filing, the Vehicle may not be "crammed down" to its actual value. The Debtor must pay the entire balance, in her plan, as a secured obligation. The interest rate to be paid to the Bank is the contract rate, because since the debt may not be crammed down, neither can the interest rate be modified. Moreover, no evidence was presented to show why the 10% contract rate was unreasonable or "not a market rate" for this particular Debtor with this degree of "risk."

A separate order will be entered.  FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Ronald Ryan
Ronald Ryan, P.C.
1413 E. Hedrick Dr
Tucson, AZ 85719-2633                           Email: ronryanlaw@cox.net

James B. Ball
Poli & Ball, P.L.C.
2999 N. 44th St., Suite 500
Phoenix, AZ 85018                                Email: ball@poliball.com

Craig Morris
Craig Morris, PC
1790 East River Road Suite 245
Tucson, AZ 85718                                 Email: craigmorrispc@qwest.net

Dianne C. Kerns, Trustee
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305                            Email mail@dektrustee.com

Michael M. Neal
110 S. Church Ave., #4298
Tucson, AZ 85701                                 Email mmnealpc@qwest.net

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ  85003-1706                          U.S. Mail

By /s/   M. B. Thompson
     Judicial Assistant